IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Matthew Massey, | ) | Civil Action No.: 4:09-cv-01694-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Wal-Mart Stores East, L.P., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is now before the court with Defendant's [Docket Entry 17] Motion for Summary Judgment. Defendant filed its Motion for Summary Judgment and a memorandum of law on March 31, 2010, along with excerpts from Plaintiff's deposition and a surveillance video of the incident in question in support of its motion. Plaintiff has filed no memorandum in response, affidavits, or depositions in opposition. The court held a telephone hearing on the Motion on September 8, 2010. For the reasons set out below, the court grants Defendant's Motion.

**Factual Background and Procedural History**

On January 19, 2009, Plaintiff and his wife came into Wal-Mart Store #574 ("the Store"), which is located in Surfside Beach, South Carolina, to do their grocery shopping. Plf's. Depo. Excerpts [Docket Entry 17-2] at 3. It was raining on the date in question. *Id.* at 4. When they were done selecting their items, Plaintiff and his wife proceeded to the Store's check-out area. *Id.* at 4-5. While waiting to check-out, Plaintiff left the check-out line in order to return frozen pizzas to a freezer in another part of the Store. *Id.* at 5-6. Plaintiff did not see any water on the floor at this time. *Id.* at 5. After returning the frozen pizzas, Plaintiff then returned to meet his

wife in the check-out line. *Id.* at 6. Plaintiff alleges that as he re-entered the check-out area, his right foot slipped on some water and he fell to the floor. *Id.* Plaintiff did not see the water on the floor of the Store until after he had fallen. *Id.* at 5-6.

A video recording from the Store's surveillance system captured Plaintiff's fall and the moments leading up to Plaintiff's fall. *See* Surveillance Video I [Docket Entry 17-3]; Surveillance Video II [Docket Entry 34]. Defendant submitted this video as evidence, and neither party has disputed its accuracy. On the video, Plaintiff exits the check-out area carrying the frozen pizzas and does not appear to have any problems walking on the floor. Several other customers then walk through that same check-out area without any problems during the minutes in which Plaintiff was absent returning the frozen pizzas. Also during this time, an employee of Defendant can be seen walking by the same check-out area without any signs of the employee noticing something on the floor. Just moments later, Plaintiff can be seen returning to the check-out area following the same path as when he previously exited with the frozen pizzas. Upon Plaintiff's return, while there is some difficulty seeing him actually fall due to it occurring behind a stand-alone stack base of merchandise, he appears to fall near the entrance of the check-out area.

On May 15, 2009, Plaintiff commenced this action in the Court of Common Pleas for Horry County, South Carolina. Plaintiff's Complaint alleges that Defendant's negligence caused Plaintiff's injuries. Amended Complaint [Docket Entry 10] at 2-3. For relief, Plaintiff seeks actual, compensatory, and punitive damages, among other things. Defendant removed this action to this court on June 25, 2009.

## **Summary Judgment Standard**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The movant has the burden of proving that summary judgment is appropriate. Once the movant makes the showing, however, the opposing party must respond to the motion with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"[O]nce the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *See id.* Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp.,* 477 U.S. at 322.

**Discussion**

Rule 56(e)(2) of the Federal Rules of Civil Procedure provides that:

> [w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Defendant filed its Motion for Summary Judgment and a memorandum of law on March 31, 2010, along with excerpts from Plaintiff's deposition and a surveillance video of the incident in question in support of its motion. However, Plaintiff failed to timely respond or oppose Defendant's Motion. As a matter of fact, Defendant's Motion has been pending for over five (5) months and, to date, Plaintiff has still failed to file any written opposition or to produce any evidence in the record.[1] Even though no response was filed by Plaintiff, under Local Rule 7.06,[2]

---

[1] Although Plaintiff did not respond to the motion for summary judgment, the court has "an independent responsibility to determine whether judgment as a matter of law is warranted." *United States v. Lambert*, 915 F. Supp. 797, 799 n.1 (S.D.W. Va. 1996) (citing *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993)).

> Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to "a judgment as a matter of law." . . . Thus, the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.

*Custer*, 12 F.3d at 416.

[2] Local Rule 7.06 provides the following:

> Any memorandum or response of an opposing party must be filed with the Clerk of Court within fourteen (14) days of the service of the motion unless the Court imposes a different deadline. If no memorandum in opposition is filed within fourteen (14) days of the date of service, the Court will decide the matter on the record and such oral argument as the movant may be permitted to offer, if any.

Local Rule 7.06 (D.S.C.).

the court nevertheless elected to hear oral argument from both parties on the matter. Even after hearing oral argument from both parties, the court concludes that summary judgment is appropriate in favor of Defendant for the reasons set out below.

"A merchant is not an insurer of the safety of his customers, but rather owes them the duty to exercise ordinary care to keep the premises in a reasonably safe condition." *Cook v. Food Lion, Inc.*, 491 S.E.2d 690, 691 (S.C. Ct. App. 1997). "[M]erchants are not required to continuously inspect their floors for foreign substances." *Legette v. Piggly Wiggly, Inc.*, 629 S.E.2d 375, 377 (S.C. Ct. App. 2006).

To recover damages for injuries caused by a foreign substance on a merchant's premises, "the plaintiff must demonstrate either that the substance was placed there by the defendant or its agents, or that the defendant had actual or constructive notice the substance was on the floor at the time of the slip and fall." *Wintersteen v. Food Lion, Inc.*, 542 S.E.2d 728, 729-30 (S.C. 2001). "The customer can establish the storekeeper's constructive knowledge of the dangerous condition by showing that the foreign substance had been on the floor for a sufficient length of time that the storekeeper would or should have discovered and removed it had the storekeeper used ordinary care." *Gillespie v. Wal-Mart Stores, Inc.*, 394 S.E.2d 24, 24-25 (S.C. Ct. App. 1990); *see also Cook*, 491 S.E.2d at 691. However, the length of time that the foreign substance has been on the floor is not a determination that can be left to speculation. *See Wimberly v. Winn-Dixie Greenville, Inc.*, 165 S.E.2d 627, 629 (S.C. 1969) ("The jury should not be permitted to speculate that [the foreign substance] was on the floor for such a length of time as to infer that defendant was negligent in failing to detect and remove it."); *see also Gillespie*, 394 S.E.2d at 25 ("[The record] does not show how long the water had been on the floor . . . [and] [t]he question

5

of whether the water was on the floor for such a length of time as to infer that Wal-Mart was negligent in not discovering and removing it is not one that can be left to speculation.").

In the case at bar, the record is devoid of any evidence that Defendant placed the water at issue on the floor. As a matter of fact, Plaintiff admitted during his deposition that he had no idea where the water on the floor came from. [Docket Entry 17-2] at 7. The Surveillance Video submitted by Defendant also supports this conclusion. There is nothing on the video to indicate that Defendant placed the water at issue on the floor. And, Plaintiff has not submitted any evidence to the court to contradict such a finding.

Similarly, the record is also devoid of any evidence that Defendant had actual notice of the water on the floor. Plaintiff has not presented the court with any evidence to show that Defendant had actual notice of the water on the floor. And, when asked during his deposition if "any of [Defendant's] employees sa[id] anything to [Plaintiff] that would indicate that they were aware that the water [was on the floor]," Plaintiff's answer did not indicate that any employees were aware of the water prior to the fall. *Id.* at 8. Moreover, there is nothing on the Surveillance Video that tends to establish that any employees of Defendant were aware or had actual notice of the water prior to the fall. To the contrary, the Surveillance Video shows an employee of Defendant walking past the check-out area where Plaintiff eventually fell without any signs that the employee saw or found water on the floor. More importantly, the Surveillance Video also shows several other customers walking through the same check-out area just minutes prior to Plaintiff's fall and none of those customers appear to have slipped, fallen, or acted in any way to suggest that there was water on the floor.

Because there is no evidence in the record that Defendant placed the water on the floor or

6

had actual notice of the water on the floor, Plaintiff must prove that Defendant had constructive notice of the water on the floor. This would require Plaintiff to proffer evidence to show how long the water had been on the floor prior to Plaintiff's fall. *See Wimberly*, 165 S.E.2d at 629; *see also Gillespie*, 394 S.E.2d at 25. Plaintiff has submitted no evidence to establish constructive notice or otherwise establish the amount of time that the water had been on the floor prior to Plaintiff's fall. Rather, in his deposition, when specifically asked "[d]o you have any idea how long that water was on the floor?" Plaintiff responded "[n]o, sir." [Docket Entry 17-2] at 7-8. Moreover, adding to the uncertainty as to the amount of time the water had been on the floor prior to his fall, Plaintiff testified that he had not seen the water prior to the fall even though he had walked through that same check-out area twice in the minutes preceding the fall. *Id.* at 4-5. Further, the Surveillance Video shows several other customers walking through that same check-out area in the minutes prior to Plaintiff's fall and none of those customers appear to have slipped, fallen, or indicated in any other way that there was water on the floor. Because there is simply no evidence in the record to establish how long the water had been on the floor prior to Plaintiff's fall, Plaintiff has failed to meet his legal burden of showing that the water was on the floor for "a sufficient length of time that the storekeeper would or should have discovered and removed it had the storekeeper used ordinary care." *Gillespie*, 394 S.E.2d at 25.

During the telephone hearing, Plaintiff's counsel appeared to argue that an employee of Defendant had witnessed Plaintiff's fall and could have seen the area in which he fell, prior to the fall. Plaintiff may be contending that this is sufficient to prove constructive notice. The court disagrees. First, "[t]he mere fact that water was on the floor of the store and was within the field of vision of a nearby store employee at the time [Plaintiff] slipped upon it is not by itself enough

7

evidence to charge Wal-Mart with negligence."[3] *Id.* Second, and more importantly, Plaintiff has not provided the court with any evidence by way of affidavits, depositions, or formal responses to discovery requests in this case. The only evidence before the court is that evidence submitted by Defendant. Additionally, Plaintiff, citing *Felder v. K-Mart Corp.*, 377 S.E.2d 332 (S.C. 1989), also argued during the telephone hearing that Defendant should be found negligent based on alleged inadequacies in its safety/response procedures. This argument also fails. Once again, Plaintiff has not provided the court with any evidence to show that Defendant's safety/response procedures are inadequate or unreasonable. Plaintiff said he had no idea where the water came from. Even assuming it was rainwater that may have been tracked in, the court notes the incident did not occur near the entrance doors, but apparently on the other side of the check-out line. Also, Plaintiff believed it was too large a puddle to have been tracked in as rainwater. [Docket Entry 17-2] at 7. Moreover, Plaintiff's counsel did not disagree with Defendant's recitation of the events and time sequence alleged at page 2 of Defendant's memorandum:

> Plaintiff's fall and the moments leading up to his fall were captured by the Store's video surveillance system. (*See* Surveillance Video from September 29, 2008, to be filed with the Court as Exhibit B). Specifically, the video shows Plaintiff walking away from the check-out aisle without any problems or signs of anything on the floor. *Id.* at 1:05:13. The video then shows multiple other customers also walking through that same area without any problem. *Id.* at 1:05:38, 1:05:46; 1:07:01, and 1:07:40. *The video also shows a Wal-Mart employee walking back and forth near that same area, conducting a routine safety*

---

[3] *See also Anderson v. Winn-Dixie Greenville*, 184 S.E.2d 77 (S.C. 1971) (proof that a dangerous condition was caused by a foreign substance on the floor, standing alone, is insufficient to support a finding of negligence); *Pennington v. Zayre Corp.*, 165 S.E.2d 695 (S.C. 1969) (evidence held insufficient to prove constructive notice where the plaintiff, while shopping in a department store, slipped on a transparent plastic bag and fell to the floor and an employee was apparently in the immediate area at the time of the fall); *Hunter v. Dixie Home Stores*, 101 S.E.2d 262 (S.C. 1957) (evidence held insufficient to charge a storekeeper with constructive notice of the presence on the floor of green beans that caused the plaintiff to slip and fall even though a store employee faced toward the area where plaintiff fell and stood 10 or 12 feet away and another employee worked 20 or 30 feet from where she fell).

8

> *inspection (called "safety sweeps"), again without any sign of anything on the floor*. *Id.* at 1:06:56. Just moments later, the video shows Plaintiff falling as he walks back through the same area he had previously walked through without any problem less than three (3) minutes earlier, and where at least five (5) other customers had walked without any problem in the three minutes after Plaintiff left the check-out area to return the frozen pizzas. *Id.* at 1:07:48.

Def's. Memo. in Supp. [Docket Entry 17-1] at 2 (emphasis added). In addition, Plaintiff testified in his deposition that he had noticed warning cones both when he entered and exited the Store on the date in question. [Docket Entry 17-2] at 4. The court believes that these were both reasonable steps taken by Defendant to protect its customers.[4] In sum, Plaintiff has not presented any arguments or provided the court with any evidence sufficient to withstand Defendant's summary judgment motion.

## Conclusion

Based on the foregoing, it is therefore **ORDERED** that Defendant's Motion for Summary

---

[4] This court finds the *Legette* case very instructive. *See Legette*, 629 S.E.2d 375. In *Legette*, the plaintiff fell near the sliding glass doors at the entrance to the store as she attempted to exit the building. There was no contention that the store owner created the dangerous condition, and the plaintiff argued the floor was slippery due to rainwater. The South Carolina Court of Appeals cited *Young v. Meeting Street Piggly Wiggly*, 343 S.E.2d 636 (S.C. Ct. App. 1986), and discussed that case as follows:

> In *Young* . . ., this court concluded that the addition of mats at a store's entrance, the periodic mopping of the area, and the placement of at least one warning sign were all reasonable steps taken by the store to protect its customers. Customers, as ordinary, prudent persons, should understand the risks posed by rainy conditions. *Id.* The court stated: "Since it is impossible to keep commercial premises entirely free of tracked-in rain during bad weather, a merchant's liability may not be based solely on the presence of moisture." *Id.* at 637-38.

*Legette*, 629 S.E.2d at 377. The court in *Legette* went on to hold that summary judgment was appropriate, stating that "Legette testified that she did not see the water before she fell. The inference to be drawn is that the accumulation of water was minimal. Furthermore, . . . [the] testimony, the incident report, and the photographs all support the conclusion that mats and warning signs were in place at the entrance to the store." *Id.* Here, there were warning cones up at the entrance presumably due to rainwater moisture, and there was an employee conducting safety sweeps and assisting customers near the check-out area before the fall, with multiple other customers walking through that same check-out area with no problem just prior to the fall.

Judgment is **GRANTED** and this case is hereby **DISMISSED** *with prejudice*.

    **IT IS SO ORDERED.**

                                              s/R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

Florence, South Carolina
September 22, 2010